UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICHARD V. GARDNER )
)
v. ) NO. 3:05-cv-157
) (Cr: 3:98-CR-48)
UNITED STATES OF AMERICA ) Jordan/Guyton

## MEMORANDUM OPINION

Richard V. Gardner, through his attorney, has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. In 2001, the petitioner pled guilty to and was convicted of one count of conspiracy to distribute and to possess with the intent to distribute marijuana, cocaine, heroin and methaqualone, all in violation of 21 U.S.C. § § 846 and 841(b)(1)(A). For this offense, he received a 168-month sentence, but was resentenced to 150 months, upon a subsequent Rule 35 motion filed by the government.

The petitioner now brings this § 2255 motion to vacate, asserting, as grounds for relief, that his sentence enhancements for a prior felony drug conviction and use of an airplane violate his right to a jury trial as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. He, primarily, bases his allegations of a constitutional infringement upon the holding in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), one of a series of cases following *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which includes *Blakely v. Washington*, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403

(2004).[1] However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

The petitioner recognizes that the Sixth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005). By advancing an argument concerning retroactivity,[2] the petitioner is acknowledging, implicitly, that there is an issue involving the timeliness of his § 2255 motion.

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§2242-2266, there is a one-year statute of limitations for filing a motion to set aside, vacate or correct sentence. The statute provides in pertinent part:

---

[1] In *Blakely*, the Supreme Court held that a state court violated a defendant's Sixth Amendment right to a trial by jury by imposing, under the state's sentencing scheme, a 90-month sentence, based on a judge's determination that the offender had acted with "deliberate cruelty," where the facts admitted in his guilty plea, standing alone, supported a maximum sentence of 53 months. This increase in the penalty beyond the prescribed statutory maximum, based on a judicial determination of facts not found by the jury, ran afoul of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. *Booker* applied the *Blakely* reasoning to the Federal Sentencing Guidelines.

[2] Though the *Apprendi* rule is not retroactive either, *see Goode v. United States*, 305 F.3d 378, 385 (6th Cir.2002), any asserted right based on *Apprendi* would involve and issue of waiver—not retroactivity. This is so because the 2000 decision in *Apprendi* preceded the petitioner's 2001 conviction, (Doc. 85 in Criminal Case No. 3:98-cr-48), and because *Appendi*-based claims not offered during the plea proceedings or on appeal, most likely, would have been waived.

> A 1-year period limitation shall apply to a motion under this section. The limitation period shall run from the latest of-...
>
> (1) the date on which the judgment of conviction becomes final; [or]
>
> . . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review....

To determine whether this motion is timely, the Court will discuss subsections (1) and (3) as to which one applies to the petitioner's motion.

I. *Subsection (1)*

Under this subsection, the one-year limitations period begins to run when the conviction becomes final. The petitioner filed a direct appeal and a subsequent petition for a writ of certiorari, both of which were denied. *See Gardner v. United States*, 23 Fed.Appx. 482, 2001 WL 1540497 (6th Cir. Nov. 30, 2001) (unpublished order), *cert. denied*, 535 U.S. 987 (2002). Thus, his conviction was final on April 15, 2002, the date the Supreme Court declined any further review. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (for purposes of 28 U.S.C. § 2255, a conviction becomes "final" when the Supreme Court "denies a petition for a writ of certiorari").

A petitioner is afforded a one-year period from the date his judgment became final to file a § 2255 motion. *See Hyatt v. United States*, 207 F.3d 831, 833 (6th Cir. 2000). Therefore, under subsection (1), the petitioner would have had, at the very latest, until April 15, 2003, to file his § 2255 motion. The petitioner's § 2255 motion was filed on March 22, 2005. Since the statute of limitations expired on April 15, 2003, as to the petitioner's § 2255

3

motion, and since the petitioner did not file his motion until March 22, 2005, it is clearly time-barred under subsection (1).

The fact that the petitioner was resentenced pursuant to the government's Rule 35 motion calls for no different conclusion. There are two reasons why this is so. First of all, the statute of limitations does not start from the date of a resentencing, since a defendant's original judgment of conviction remains the final judgment, despite a later reduction of sentence under a Rule 35 motion. *See Reichert v. United States*, 101 Fed.Appx.13, *14, 2004 WL 953983, *1 (6th Cir. Apr. 27, 2004) (unpublished order). Secondly, by the time the government filed the Rule 35 motion on September 2, 2003, AEDPA's one-year limitations period as to the petitioner's § 2255 motion had already expired and, clearly, a period which no longer exists cannot be affected by the government's motion.

II. *Subsection (3)*

Under subsection (3), a petition is timely so long as it is filed within one year after the Supreme Court issues an opinion initially recognizing a right, so long as the right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255¶6(3). To the extent that the petitioner impliedly is suggesting that *Booker* announced a new rule which retrospectively applies on collateral review and that this motion is timely because it was filed within one year after that decision, such a position would be untenable.

4

In *Booker*, the Supreme Court noted that its holding should be applied "to all cases on direct review," *Booker*, 125 S.Ct. at 769, but it did not conclude that the holding applied retroactively to cases where direct appeal was completed. *See In re Anderson*, 396 F.3d 1336, 1339 (11th Cir.2005) (observing that "[w]hen the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding"). Assuming that *Booker*—decided on January 12, 2005—initially recognized a right which the petitioner is asserting, and further assuming that the right is newly recognized, *see Humphress*, 398 F.3d at 861 (finding that the *Booker* rule is "clearly new"), that date does not apply to the petitioner's § 2255 motion because the holding in *Booker* has not been made retroactive to cases on collateral review. *Dodd v. United States*, 545 U.S. ___, ___, 125 S.Ct. 2478, 2482 (2005) (holding that the date in subsection (3) does not apply unless there has been a finding that the right being asserted applies retrospectively).[3] Indeed, as the petitioner concedes, the Sixth Circuit has found that *Booker* is not retroactive, *Humphress*, 398 F.3d at 860, and although the petitioner attempts to distinguish his jury-right arguments[4] from those found wanting in *Humphress*, the Court is bound by *Humphress*'s

---

[3] For purposes of § 2255¶6(3), the finding that a right applies retrospectively can be made by a district court, a circuit court, or, certainly, the Supreme Court itself. *United States v. Swinton*, 333 F.3d 481, 487 (3rd Cir.), *cert. denied*, 540 U.S. 977 (2003). *See also Wiegand v. United States*, 380 F.3d 890, 892 (2005) (remanding a case to the district court to make the retroactivity decision for purposes of § 2255¶ 6(3)).

[4] The petitioner's argument (i.e., that, based on a decision of a federal district court in Georgia, *Apprendi*'s exclusion of prior convictions from it's jury-right holding should be revisited by this Court) is particularly ill-advised. *See, e.g., Rodriguez de Quijas v. Shearson/American Express Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case,
(continued...)

5

express finding on the retroactivity of *Booker*.[5] *See Timmreck v. United States*, 577 F.2d 372, 374 n.6 (6th Cir.1978) ("The district courts in this circuit are, of course, bound by pertinent decisions of this Court even if they find what they consider more persuasive authority in other circuits."), *rev'd on other grounds*, 441 U.S. 780 (1979).

In accordance with the above reasoning, the Court **FINDS** that the date in subsection (1) applies to determine the timeliness of this § 2255 motion; that the date in subsection (3) does not apply; and that, under subsection (1) of 28 U.S.C. § 2255¶6, this motion to vacate is time-barred.

An order will enter in accordance with this opinion.

ENTER:

                              s/ Leon Jordan
                         United States District Judge

---

[4](...continued)
yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

[5] The Sixth Circuit is not alone in this finding. *See Lloyd v. United States*, 407 F.3d 608, 614 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

6